United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 19, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60639
_____

MIGUEL ANTONIO BRIEVA-PEREZ,

Petitioner,

versus

ALBERTO R. GONZALES
UNITED STATES ATTORNEY GENERAL,

Respondent.

On Petition for Review of an Order of
the Board of Immigration Appeals

Before JONES, Chief Judge, and WIENER and BARKSDALE, Circuit
Judges.

EDITH H. JONES, Chief Judge:

Petitioner Miguel Antonio Brieva-Perez ("Brieva") appeals
a Board of Immigration Appeals ("BIA") decision holding that his
crime of unauthorized use of a vehicle constitutes a crime of
violence rendering him removable, and that he is ineligible to
apply for relief under former Immigration and Nationality Act
("INA") § 212(c), 8 U.S.C. § 1182(c), because his crime lacks a

comparable ground for inadmissability under INA § 212(a).[1] Because United States v. Galvan-Rodriguez, 169 F.3d 217 (5th Cir. 1999), remains binding precedent and Brieva was removable under the law in effect at the time of his plea, we DENY the petition for review.

## I.  BACKGROUND

Brieva is a native and citizen of Colombia. He was admitted to the United States in 1980 as a lawful permanent resident. He is married to a United States citizen, and is the father of citizen children. In June of 1993, Brieva pleaded guilty to unauthorized use of a vehicle ("UUV") in violation of TEX. PENAL CODE ANN. § 31.07(a). Adjudication of guilt was deferred, and he was sentenced to five years probation. After violating probation in 1995, he was adjudicated guilty and sentenced to a term of imprisonment of five years, of which he served less than one year.

In February 2003, the Immigration and Naturalization Service ("INS") charged Brieva with being removable for having been convicted of an aggravated felony for a theft offense under 8 U.S.C. § 1101 (a)(43)(G). See 8 U.S.C. § 1227(a)(2)(A)(iii). The INS later withdrew this charge and substituted a charge for an aggravated felony crime of violence under 8 U.S.C. § 1101(a)(43)(F).

The Immigration Judge ("IJ") determined that Brieva was

---

[1]   We note that two companion cases, Vo v. Gonzales, No. 05-60518, and Avilez-Granados v. Gonzales, No. 05-61165, were heard on the same day and contain related issues and overlapping reasoning.

removable for having been convicted of an aggravated felony because UUV was a crime of violence under 8 U.S.C. § 16(b). See Galvan-Rodriguez, 169 F.3d 217. The IJ also ruled that, despite his long residency and family ties in the United States, Brieva was ineligible for an INA § 212(c) waiver because his offense lacked a comparable ground of inadmissibility in § 212(a). The IJ ordered Brieva deported to Colombia and denied his request for a section 212(c) waiver.

Brieva appealed to the BIA, arguing that his conviction for UUV was not a crime of violence. He also argued that the IJ erred in ruling that he was ineligible for a section 212(c) waiver for failure to demonstrate a ground of inadmissibility. He argued that INS v. St. Cyr, 533 U.S. 289, 121 S. Ct. 2271 (2001), should apply to his case, making him eligible for § 212(c) relief. The BIA dismissed Brieva's appeal, ruling that his offense was a crime of violence and that he was ineligible for § 212(c) relief because his offense could not be considered a crime involving moral turpitude under § 212(a) and there was no other comparable ground of inadmissability. Brieva filed a timely petition for review before this court.[2]

## II.  DISCUSSION

### A.  Jurisdiction

---

[2]     Brieva does not directly challenge the BIA's decision on comparability. The First Circuit recently approved the comparability reasoning in Brieva, see Kim v. Gonzalez, 468 F.3d 58 (1st Cir. 2006), and this court has done likewise in the companion case to today's, Vo v. Gonzales, No. 05-60518.

3

Under the REAL ID Act, this court lacks jurisdiction to review any removal order based on, <u>inter</u> <u>alia</u>, commission of an aggravated felony. <u>See</u> 8 U.S.C. § 1252(a)(2)(C); <u>Hernandez-Castillo v. Moore</u>, 436 F.3d 516, 519 (5th Cir.), <u>cert. denied</u>, __ U.S. __, 127 S. Ct. 40 (2006). However, the Act also provides that none of the provisions precluding review "shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review." § 1252(a)(2)(D). This court therefore has jurisdiction to decide the legal and constitutional questions raised by Brieva. <u>See</u> <u>Hernandez-Castillo</u>, 436 F.3d at 519. We review the BIA's factual determinations for substantial evidence. <u>Chun v. INS</u>, 40 F.3d 76, 78 (5th Cir. 1994). Questions of law are reviewed <u>de</u> <u>novo</u>, according deference to the BIA's interpretations of ambiguous provisions of the INA. <u>Hernandez-Castillo</u>, 436 F.3d at 519.

### B. Crime of Violence Determination

Brieva first contends that his UUV conviction was improperly classified as a crime of violence and is therefore not an aggravated felony. This argument, however, has been and remains contrary to Fifth Circuit precedent.

In the immigration context, whether a crime is a crime of violence, and therefore an aggravated felony under 8 U.S.C. § 1101(a)(43), is determined by the definition set forth in

4

18 U.S.C. § 16. See 8 U.S.C. § 1101(a)(43)(F). Section 16 defines "crime of violence" as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16. In Galvan-Rodriquez, this court concluded that UUV was a crime of violence under § 16(b) because the offense by its nature posed a substantial risk that force would be used against the property or person of another. See 169 F.3d at 219. UUV "carries a substantial risk that the vehicle might be broken into, 'stripped,' or vandalized, or that it might become involved in an accident, resulting not only in damage to the vehicle and other property, but in personal injuries to innocent victims as well." Id.

In United States v. Jackson, 220 F.3d 635, 639 (5th Cir. 2000), the court drew on the language in Galvan-Rodriquez that UUV involved a substantial risk that the vehicle might be involved in an accident to hold that UUV was a crime of violence under Section 4B1.2(a) of the United States Sentencing Guidelines.[3] In United

---

[3] The definition of crime of violence in § 4B1.2(a) differs from the § 16 definition and provides that "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that- (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a).

States v. Charles, 301 F.3d 309, 314 (5th Cir. 2002) (en banc), however, this court held that "a crime is a crime of violence under § 4B1.2(a)(2) only if, from the face of the indictment, the crime charged or the conduct charged presents a serious potential risk of injury to a person." (emphasis added). Charles, therefore, explicitly overruled Jackson and limited Galvan-Rodriquez to its property aspects and to § 16 cases, like this one. Id.

Brieva attempts to apply the reasoning of Charles to the instant case. Charles, however, does not extend to § 16 crime of violence cases, and is therefore inapplicable. See Charles, 301 F.3d at 311-12, 314 (distinguishing § 16 from U.S.S.G. § 4B1.2(a)).

This case is also indistinguishable from Galvan-Rodriquez on the ground, asserted by Brieva, that his UUV conviction was for "joyriding" and involved no actual use of force. Section 16(b) plainly requires inquiry only into the "nature" of the offense as it poses the risk of use of force, and not into the facts underlying a particular conviction.

Brieva further argues that the Supreme Court's decision in Leocal v. Ashcroft, 543 U.S. 1, 125 S. Ct. 377 (2004), casts doubt on Galvan-Rodriquez. This argument is meritless. In Leocal, the Supreme Court held that a statute prohibiting driving while intoxicated resulting in serious bodily injury lacks a mens rea element, or has at best a negligence requirement, and cannot be considered a crime of violence under § 16(b). Id. at 13. The

6

Court interpreted § 16(b) to require a substantial risk of _intentional_ use of force. This does not mean that a statute must have an element of intent to cause harm to another's person or property to be considered a crime of violence under § 16. Indeed, such an interpretation would render § 16(b) meaningless, as § 16(a) already covers crimes with such an element. Rather, _Leocal_ requires that the nature of the offense involves a substantial risk of the intentional use of force. See _id._ _Leocal_ is fully consistent with this court's construction of the Texas UUV Statute in _Galvan-Rodriquez_.

### C. Retroactivity

### 1. Crime of Violence Definition

Brieva further asserts that the retroactive application of _Galvan-Rodriquez_, decided six years after he pled guilty and four years after his guilt was adjudicated, violates due process. He argues that he should not be removable, as his crime had no negative immigration consequences at the time he entered into his plea bargain.

Contrary to Brieva's assertions, no law is being applied to him retroactively. 8 U.S.C. § 1101(a)(43)(F) has defined crimes of violence as aggravated felonies since 1990, prior to Brieva's plea. See Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978. No relevant statutory change took place following his conviction; the only change that occurred was that this court

declared that, based on the continuously effective statutory definition, UUV qualifies as a crime of violence and therefore is a deportable aggravated felony. See Galvan-Rodriguez, 169 F.3d at 220. As Brieva was already on notice, prior to his plea, that a conviction for a crime of violence rendered him deportable, there are no due process retroactivity concerns.[4]

## 2. IIRIRA § 321

Brieva also asserts that retroactively applying § 321 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009-546, violates due process because § 321 changed the definition of an aggravated felony after he entered into his plea bargain. Brieva lacks standing to assert this claim.

At the time of his plea, an aggravated felony was defined as "any crime of violence (as defined in section 16 of Title 18, not including a purely political offense) for which the term of imprisonment imposed...is at least 5 years." 8 U.S.C. § 1101(a)(43) (1993 version). The enactment of § 321(a)(3) in 1996 reduced the minimum term of imprisonment from five years to one. However, although Brieva was not sentenced to a term of imprisonment when he originally entered a guilty plea, his

---

[4] Brieva, in fact, initially took a deferred adjudication; thus, had he successfully completed his probation, he would not have faced deportation. It is possible that Brieva took this deal with the knowledge that his crime could constitute a removable crime of violence and a conviction would have negative immigration consequences.

8

probation violation resulted in the imposition of a five-year imprisonment term. Thus, he met the definition for an aggravated felony prior to the IIRIRA amendments and lacks standing to challenge the retroactive application of § 321. <u>See</u> <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.</u>, 454 U.S. 464, 472, 102 S. Ct. 752, 758 (1982).

## D. Equal Protection

Brieva argues he is being denied equal protection of the law because he is ineligible for relief under INA § 212(c), while aliens who have committed more serious crimes still can obtain § 212(c) waivers. However, no law is being applied to Brieva unequally.

Congress repealed § 212(c) with the passage of IIRIRA in 1996. <u>See</u> Pub. L. No. 104-208, § 304(b), 110 Stat. 3009-597. The Supreme Court, however, held that § 212(c) relief must remain available for aliens "whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." <u>St. Cyr</u>, 533 U.S. at 326, 121 S. Ct. at 2293. Thus, aliens who pleaded guilty before the repeal of § 212(c) remain eligible to apply for discretionary relief.

To be eligible for such relief, however, there must be a comparable ground of inadmissability to the alien's ground of removability. <u>See</u> <u>Chow v. INS</u>, 12 F.3d 34, 38 (5th Cir. 1993);

9

<u>Matter of Blake</u>, 23 I. & N. Dec. 722, 724 (BIA 2005).  The IJ and BIA concluded there is no comparable ground of inadmissibility to Brieva's crime, a finding we upheld in a similar case argued before this panel.  See <u>Vo v. Gonzales</u>, No. 05-60518 ("crimes involving moral turpitude" provision of § 212(a) is insufficient to qualify as a statutory counterpart to UUV); <u>see also</u> <u>De la Paz Sanchez v. Gonzales</u>, 473 F.3d 133 (5th Cir. 2006) (UUV lacks statutory counterpart, and § 212(c) relief therefore is unavailable); <u>Caroleo v. Gonzales</u>, 476 F.3d 158, 164-68 (3d Cir. 2007)(aggravated felony of "crime of violence" does not have a statutory counterpart in INA § 212(a)); <u>Valere v. Gonzales</u>, 473 F.3d 757, 761-62 (7th Cir. 2007)(8 C.F.R. § 1212.3 is not impermissibly retroactive).  Brieva therefore does not qualify for a waiver and is not similarly situated to those aliens who pleaded guilty relying on the availability of § 212(c) relief.

Brieva's case is distinguishable from <u>Cordes v. Gonzales</u>, 421 F.3d 889 (9th Cir. 2005), where the Ninth Circuit determined it was an equal protection violation to deny § 212(c) availability to aliens whose crimes only rendered them removable based on changes enacted to the definition of an aggravated felony after their pleas took effect.  The government argued that, because the aliens in Cordes's position were not removable when they entered their pleas, they could not have pleaded guilty in reliance on the possibility of a section 212(c) waiver.  The court, however, determined that the distinction had no rational basis; it had the effect of

10

enabling aliens convicted of more serious crimes to apply for relief, while withholding that right from aliens, like Cordes, who committed less serious crimes that only became grounds for deportation following statutory amendments that retroactively reduced the minimum prison sentence required to render an alien deportable. Id. at 897.

Brieva, on the other hand, is removable based on the law in effect at the time he entered his plea;[5] crimes of violence have been categorized as aggravated felonies since 1990. Moreover, he was ineligible for § 212(c) relief under the law then in effect, not as the result of the statute's repeal in 1996. He cannot establish that he is being treated differently from other similarly situated aliens, and his equal protection claim fails.

### III. CONCLUSION

For the reasons addressed above, Brieva is deportable for having committed an aggravated felony and is not eligible for a section 212(c) waiver. His petition for review must be **DENIED.**

---

[5] This fact also distinguishes Brieva from the petitioner in Zalawadia v. Ashcroft, 371 F.3d 292, 298 (5th Cir. 2004).

11