**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 19, 2007**

**Charles R. Fulbruge III**
**Clerk**

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-61165
_____

ANTONIO AVILEZ-GRANADOS,

Petitioner,

versus

ALBERTO R. GONZALES
UNITED STATES ATTORNEY GENERAL,

Respondent.

On Petition for Review of an Order of
the Board of Immigration Appeals

Before JONES, Chief Judge, and WIENER and BARKSDALE, Circuit
Judges.

EDITH H. JONES, Chief Judge:

Petitioner Antonio Avilez-Granados ("Avilez") appeals a

Board of Immigration Appeals ("BIA") decision holding that he is

ineligible to apply for discretionary relief under § 212(c) of the

Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c),

because his crime, aggravated sexual assault of a child, lacks a

comparable ground of inadmissability under INA § 212(a).[1]  Avilez further challenges the BIA's authority to enter a removal order where the Immigration Judge ("IJ") initially granted § 212(c) relief.  We DENY Avilez's petition for review of the BIA's denial of § 212(c) relief, but because he was not given an opportunity to apply for an adjustment of status based on his marriage to an American citizen, we REMAND to the BIA for further proceedings.

## I.   BACKGROUND

Petitioner Avilez was born in Mexico in 1967 and became a lawful permanent resident of the United States in 1988.  He is married to a United States citizen and is the father of two United States citizen children.  In 1994, Avilez pleaded guilty to aggravated sexual assault of a child in Texas state court.  He received ten years of probation, which he successfully completed in 2004.  On December 1, 2003, the Department of Homeland Security ("DHS") issued a Notice to Appear charging Avilez with removability from the United States as an alien convicted of an aggravated felony under 8 U.S.C. § 1101(a)(43)(A).

Avilez sought a waiver of deportation under former INA § 212(c), 8 U.S.C. § 1182(c).  The IJ found Avilez to be statutorily eligible for waiver of deportation because he had over seven years of continuous lawful residence and he did not serve

---

[1]   We note that two companion cases, Vo v. Gonzales, No. 05-60518, and Brieva-Perez v. Gonzales, No. 05-60639, were heard on the same day and contain related issues and overlapping reasoning.

more than five years in jail or prison.  The IJ found that Avilez had presented evidence of unusual or outstanding equities to justify his exercise of discretion in granting a waiver.  Among the equities the IJ cited were Avilez's long residence in the United States, his citizen wife's serious health problems, and the fact that his citizen children do not speak Spanish.  The court also noted that Avilez successfully completed probation, accepted responsibility, and won his victim's forgiveness.

DHS appealed to the BIA, arguing both that Avilez was statutorily ineligible for § 212(c) relief and that he was not deserving of relief as a matter of discretion.  The BIA reversed the IJ's decision, finding Avilez statutorily ineligible for § 212(c) relief under its recent decision Matter of Blake, which held that the offense that rendered Avilez removable (sexual abuse of a minor) has no "statutory counterpart" in the grounds of inadmissibility under § 212(a).  See Matter of Blake, 23 I. & N. Dec. 722 (BIA 2005).  The BIA granted Avilez voluntary departure and issued an alternative order for removal from the United States.  Avilez timely filed a petition for review in this court.  On March 3, 2006, the court denied Avilez's motion for a stay of removal pending review, and he subsequently was removed to Mexico.

## II. DISCUSSION

### A. Jurisdiction

Although the REAL ID Act limits this court's jurisdiction to review Avilez's conviction for an aggravated felony, see 8 U.S.C. § 1252(a)(2)(C); Hernandez-Castillo v. Moore, 436 F.3d 516, 519 (5th Cir.), cert. denied, __ U.S. __, 127 S. Ct. 40 (2006), we retain jurisdiction to review the constitutional claims and questions of law raised by Avilez under § 1252(a)(2)(D). See Rosales v. Bureau of Immigration & Customs Enforcement, 426 F.3d 733, 736 (5th Cir. 2005), cert. denied, __ U.S. __, 126 S. Ct. 1055 (2006). We review the BIA's conclusions of law de novo, according deference to the BIA's interpretations of ambiguous provisions of the INA. Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996).

### B. Availability of § 212(c) Relief

Avilez contends the BIA erred by finding him statutorily ineligible to apply for a waiver of deportation under former INA § 212(c), 8 U.S.C. § 1182(c), because his conviction of sexual assault of a child does not have a statutory counterpart ground of inadmissibility under § 212(a). Avilez argues that the BIA's interpretation of § 212(c), as expressed in its regulations, see 8 C.F.R. § 1212.3(f)(5), and opinions, see Blake, 23 I. & N. Dec. 722, impermissibly contradicts prior agency practice; is an irrational departure from prior policy and therefore undeserving of

4

deference; creates a retroactive bar to relief in violation of I.N.S. v. St. Cyr, 533 U.S. 289, 121 S. Ct. 2271 (2001); and violates the Equal Protection clause and the decision of Francis v. INS, 532 F.2d 268 (2d Cir. 1976). The same arguments were raised before this panel in a companion case, Vo v. Gonzales, No. 05-60518, and for the reasons set forth in that opinion, we reiterate that the BIA did not err in holding Avilez ineligible for § 212(c) relief. See also De la Paz Sanchez v. Gonzales, 473 F.3d 133 (5th Cir. 2006) (UUV lacks statutory counterpart, and § 212(c) relief therefore is unavailable); Caroleo v. Gonzales, 476 F.3d 158, 164-68 (3d Cir. 2007)(aggravated felony of "crime of violence" does not have a statutory counterpart in INA § 212(a)); Valere v. Gonzales, 473 F.3d 757, 761-62 (7th Cir. 2007)(8 C.F.R. § 1212.3 is not impermissibly retroactive).

To the extent Avilez presents arguments in addition to those advanced in Vo, the outcome remains unchanged. Avilez contends that unlike Vo's crime of unauthorized use of a motor vehicle, sexual assault of a child would be considered a "crime involving moral turpitude" under any common-sense understanding. However, it is not enough that a crime could be reclassified. There is no textual link between sexual abuse of a child and crimes involving moral turpitude to indicate that Congress had the same class of offenses in mind when it enacted the two provisions that must be compared. Cf. Matter of Meza, 20 I. & N. Dec. 257, 259 (BIA 1991) (petitioner found eligible to apply for § 212(c) relief

5

because his crime, trafficking in a controlled substance, was sufficiently analogous to a section 212(a) ground of excludability, namely violation of laws related to a controlled substance); see also Blake, 23 I. & N. Dec. at 728 ("[W]hether a ground of deportation or removal has a statutory counterpart in the provisions for exclusion or inadmissibility turns on whether Congress has employed similar language to describe substantially equivalent categories of offenses."). Absent this textual link, we cannot extend § 212(c) relief to cover any crime that common-sense might classify as involving moral turpitude.

## C. BIA's Order of Removal

Avilez also contends that the BIA erred by ordering him removed without remanding the case to the IJ for further proceedings. Under 8 U.S.C. § 1101(a)(47)(A) and 8 C.F.R. § 1240.1(a)(1)(i) et seq., Avilez maintains, only special inquiry officers and IJs may issue orders of removal. See Molina-Camacho v. Ashcroft, 393 F.3d 937 (9th Cir. 2004). As counsel conceded at oral argument, however, this court has already determined that the BIA has the authority to issue an order of removal in the first instance once the IJ has determined that the alien is removable. See Delgado-Reynua v. Gonzales, 450 F.3d 596 (5th Cir. 2006).

Nevertheless, while the BIA need not have remanded the case for the IJ simply to issue the order of removal, Avilez urged alternative grounds for relief that were never addressed. He

6

argues he should have been permitted to return to the IJ and apply for adjustment of status based on his marriage to an American citizen. See Matter of Azurin, 23 I. & N. Dec. 695, 698 (BIA 2005). Although he never sought this form of relief before the BIA, he was not required to; the IJ had already granted Avilez relief under § 212(c), and he therefore had no reason to press for an adjustment of status.

Avilez's reliance on the availability of § 212(c) relief was reasonable, albeit ultimately incorrect.[2] This case must therefore be remanded to the IJ to determine whether Avilez should be granted an adjustment of status.

### III. CONCLUSION

For the reasons set forth by this court in Vo v. Gonzales, No. 05-60518, and by the BIA in Blake, 23 I. & N. Dec. 722, Avilez is ineligible to apply for relief under INA § 212(c), as his crime lacks a statutory counterpart ground of inadmissability in INA § 212(a). His petition for review is thus DENIED in part. However, because he should have been granted an opportunity to apply for an adjustment of status before the IJ, we REMAND the case for further proceedings consistent with this opinion.

---

[2] The BIA did not issue the Blake opinion until after Avilez had applied for and been granted § 212(c) relief by the IJ. Because Blake clarified agency practice and did not change the applicable rule, Avilez's error was not unreasonable.