# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2007

Charles R. Fulbruge III
Clerk

No. 06-60181
Summary Calendar

EFRAIN SILLERO-GALINDO

Petitioner

v.

MICHAEL B. MUKASEY, US ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A39 791 874

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Efrain Sillero-Galindo (Sillero) seeks review of the order of the Board of Immigration Appeals (BIA) concluding that he is ineligible for a § 212(c) discretionary waiver of removal. The BIA concluded that, because Sillero had a prior aggravated felony conviction, Sillero was ineligible for relief pursuant to 8 C.F.R. § 1212.3(h)(2), as well as 8 C.F.R. § 1212.3(f)(5). Because Sillero has challenged the determination that he was convicted of an aggravated felony, a question pertinent to both issues, and because he generally argues entitlement to § 212(c) relief, we will address the merits of both bases of the BIA's decision.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

With respect to § 1212.3(h)(2), the only argument that can be construed as pertinent to this provision is that Sillero was not convicted of an aggravated felony. Each of the reasons proffered lacks merit. First, Sillero's contention that because the sentence imposed was suspended, there was no conviction, was not raised before the BIA. Thus, we do not consider it. See Roy v. Ashcroft, 389 F.3d 132, 136 (5th Cir. 2004). In any event, Sillero is incorrect because a sentence or term of imprisonment includes any sentence of confinement regardless of suspension or all or part of the sentence. See 8 U.S.C. § 1101(a)(48)(B).

Sillero also failed to exhaust his argument that sexual abuse of a minor was not a deportable offense at the time of his plea on June 28, 1996. See Roy, 389 F.3d at 136. In any event, the argument lacks merit because the amended definition of aggravated felony, which includes sexual abuse of a minor, applies retroactively. See Garrido-Morato v. Gonzalez, 485 F.3d 319, 324 (5th Cir. 2007).

Finally, for the first time in his reply brief, Sillero asserts that for purposes of § 1212.3(h)(2), it is the date of the plea, not the date of the conviction, that controls. Sillero did not make this argument in his opening brief, and this court need not consider it. See United States v. Hoster, 988 F.2d 1374, 1383 (5th Cir. 1993) (appeals court need not consider arguments raised for the first time in a reply brief). Moreover, the record shows that the plea was entered on June 28, 1996, within the relevant period. Sillero's argument thus lacks merit. Sillero has shown no error in the BIA's conclusion that § 1212.3(h)(2) precludes relief. Thus, we need not reach the BIA's alternative holding that § 1212.3(f)(5) also precludes relief.

Sillero's argument that the BIA lacked authority to enter an order of removal in the first instance also lacks merit. See Avilez-Granados, 481 F.3d at 872 ("the BIA has authority to issue an order of removal in the first instance once the IJ has determined that an alien is removable"). Finally, we need not remand this case to the BIA to consider Sillero's request for adjustment of status. Sillero already has presented this request to the BIA, and the BIA

already has rejected it because, as discussed above, § 1212.3(h)(2) precludes him from obtaining the necessary waiver. See *Avilez-Granados*, 481 F.3d at 872-73 (remanding because BIA had not previously considered adjustment of status).

For the foregoing reasons, the petition for review is DENIED.