# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 12, 2008

Charles R. Fulbruge III
Clerk

No. 06-60505
Summary Calendar

ANA BANECIA AYALA

Petitioner

V.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A72 528 543

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Ana Banecia Ayala (Banecia), a native and citizen of El Salvador, has filed a petition for review of the Board of Immigration Appeals' (BIA) denial of her motion to reopen removal proceedings for lack of jurisdiction and as barred by time and numerical restrictions. Banecia asserts that the general time and numerical limitations governing motions to reopen are not applicable and that the BIA's decision violates her equal protection and due process rights.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In 1995, Banecia was ordered deported in absentia after failing to appear at her scheduled removal hearing. She did not appeal the removal order. On September 10, 1998, Banecia filed a special motion to reopen and stay deportation so that she could apply for relief under § 309(g) of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), as amended by § 203(c) of the Nicaraguan and Central American Relief Act (NACARA).[1] On December 20, 2000, the immigration judge (IJ) denied the motion because Banecia failed to file a complete application for NACARA relief by the November 18, 1999 deadline. See 8 C.F.R. § 1003.43. On December 22, 2003, Banecia filed a renewed motion to reopen proceedings under § 309(h)(3) of IIRIRA, as amended by § 1505(c) of the Legal Immigration Family Equity (LIFE) Act Amendments,[2] contending that she was now eligible for suspension of deportation because on April 16, 2003, her spouse was accorded legal permanent resident status under § 203 of NACARA. The IJ sitting in Los Angeles, California, granted Banecia's motion as well as a change of venue to Dallas, Texas.

On January 26, 2005, after a hearing on the merits, the IJ in Dallas determined that Banecia was ineligible for special rule suspension of deportation

---

[1] Under § 203 of NACARA, aliens were allowed to apply for suspension of deportation under the more lenient standard that existed before IIRIRA was enacted. Before IIRIRA, deportation could be stayed if an applicant could show that she or a qualifying relative would suffer extreme hardship. See Immigration and Naturalization Act (INA) 244(a)(1), 8 U.S.C. 1254(a)(1)(1994). In addition, the applicant could accrue time to the satisfy the seven-year continuous presence requirement notwithstanding that she had been served with an Order to Show Cause. Id. After IIRIRA, time stopped for the purposes of satisfying the continuous presence requirement after an alien was served with an Order to Show Cause. IIRIRA § 309(c)(5); INA §240A(d)(1), 8 U.S.C. § 1229(d)(1).

[2] Banecia asserted that her first motion pursuant to the §1505(c) of the LIFE Act Amendments was mailed on or about April 10, 2001, R. 194; however, this motion is not in the record.

pursuant to § 203 of NACARA and vacated the previous order to reopen proceedings because the IJ in Los Angeles lacked jurisdiction to consider the motion pursuant to 8 C.F.R. 1003.43(e), which permits an alien to file only one motion to reopen for NACARA benefits. On appeal, the BIA affirmed the IJ's decision and dismissed Banecia's appeal. The BIA agreed that the Los Angeles IJ did not have jurisdiction to grant Banecia's motion to reopen, but also noted that the LIFE Act Amendments motion may have been untimely and that § 1505(c) relief was not applicable to Banecia.[3] The BIA also found that Banecia's motion was untimely under the general rules governing motions to reopen. See 8 C.F.R. 1003.2(c)(2)(2006) (providing that, with certain exceptions, a motion to reopen in any case previously subject to a final decision by the IJ or the BIA must be filed no later than 90 days after the date of that decision, or on or before September 30, 1996, whichever date is later in time).

Banecia contends that the normal time and numerical limitations do not preclude her from filing a subsequent motion to reopen under § 309(h) of IIRIRA because the statutory language of § 309(h) sets forth specific requirements allowing one motion to reopen under the section notwithstanding any other time and numerical restrictions found elsewhere in the regulations. In addition, Banecia contends that (1) her due process rights were violated because the Los

---

[3] Section 241(a)(5) of the INA, 8 U.S.C. 1231(a)(5) provides for the reinstatement of removal orders against aliens who illegally reenter the United States after having been removed or voluntarily departed under order of removal; in addition, aliens whose removal orders have been reinstated are not eligible for any relief under the Act and are prohibited from reopening or reviewing their previous removal order. Section 1505(c) of the LIFE Act Amendments removed the § 241(a)(5) bar to relief for those aliens who were otherwise eligible for relief under § 203 of NACARA and also provides for a special reopening procedure notwithstanding the time and number limitations otherwise governing motions to reopen. Motions filed pursuant to § 1505(c) of the LIFE Act Amendments were required to be filed by October 16, 2001. See 8 C.F.R. § 1003.43(f)(2006).

Angeles IJ's decision to reopen the proceedings could have been based upon the IJ's authority to act sua sponte; and(2) she was denied equal protection because it is unconstitutional to prohibit aliens not under newly reissued orders of removal from applying for suspension of deportation under § 1505(c) of the LIFE Act Amendments.

After a review of the record, we conclude that the Los Angeles IJ did not have jurisdiction to grant Banecia's motion to reopen. Only an alien with a reinstated final order of deportation or a newly issued final order based on illegal entry after deportation or voluntary removal may file, with the Immigration Court or the BIA, a motion to reopen pursuant to § 1505(c) of the LIFE Act Amendments. 8 C.F.R. § 1003.43(i)(1). Other aliens who wish to apply for suspension of deportation pursuant to § 1505(c) of the LIFE Act Amendments may do so before the Office of International Affairs (OIA). Id.; see also 8 C.F.R. 240.62(b) (conferring initial jurisdiction on the OIA in cases such as where a spouse has been granted relief under NACARA). Although under an order of deportation, Banecia never left the United States and thus was not subject to either a reinstated or newly issued order upon illegal reentry.

Banecia's constitutional claims are without merit. Without proper jurisdiction, the Los Angeles IJ could not exercise sua sponte authority. In addition, because the decision to grant or deny a motion to reopen is purely discretionary, there is no liberty interest at stake and thus, no due process violation. Altamirano-Lopez v. Gonzales, 435 F.3d 547, 550-51 (5th Cir. 2006). Further, in order to establish an equal protection claim, Banecia had to show that there is no rational basis for treating her differently than other similarly situated aliens. Brieva-Perez v. Gonzales, 482 F.3d 356, 362 (5th Cir. 2007). Aliens not under a reinstated final order or newly issued order of deportation are not precluded from applying for relief under § 1505(c) of the LIFE Act Amendments; rather, they must first file an application with the OIA. This

procedural distinction does not rise to the level of a constitutional violation. See Vermont Yankee Nuclear Power Corp. v. NRDC, 435 U.S. 519, 524 (1978).

Accordingly, Banecia's petition for review is DENIED.