# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 24, 2008

Charles R. Fulbruge III
Clerk

No. 07-60527
Summary Calendar

ASHIQALI NAYANI

Petitioner

v.

MICHAEL B MUKASEY, U S  ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 324 639

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ashiqali Nayani, a native and citizen of Pakistan, petitions for review of a final order of the Board of Immigration Appeals (BIA) that dismissed his appeal of the Immigration Judge's order removing him to Pakistan.  The BIA concluded that Nayani was deportable under 8 U.S.C. § 1227(a)(3)(D) and inadmissible under 8 U.S.C. § 1182(a)(6)(C)(ii) because Nayani made a false claim of citizenship on an application for a loan guaranteed by the Small Business Administration (SBA).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Nayani argues that his false claim of citizenship on the SBA form does not render him deportable or inadmissible because, although the Small Business Administration Act (the Act) is a federal law, his false claim of citizenship was not made for a purpose or benefit thereunder. Nayani argues that recipients of SBA loans are not required to be citizens or lawful permanent residents and that he did not actually receive a benefit under the Act.

The BIA's factual findings are reviewed for substantial evidence. Brieva-Perez v. Gonzales, 482 F.3d 356, 359 (5th Cir. 2005). In reviewing the BIA's construction of immigration statutes, the court will defer to the agency's interpretation if it is based on a permissible construction of the statute and if Congress has not evidenced clear and unambiguous intent concerning the question before the court. White v. INS, 75 F.3d 213, 215 (5th Cir. 1996) (citing Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-43 (1984)). Under this standard, the court will not substitute its judgment for that of the BIA; we may, though, reject any BIA interpretation that is "arbitrary, capricious, or manifestly contrary to the statute." Chevron, 467 U.S. at 844.

The BIA concluded that there was a purpose to Nayani's false claim of citizenship because, under the Act, 15 U.S.C. § 631(i), SBA funds may not be used to provide any direct benefit or assistance to anyone in the United States unlawfully, as Nayani concedes he was when he signed the SBA application. Further, the BIA found that Nayani made the false claim of citizenship with the intent that he receive a benefit from signing the SBA application. This finding was supported by substantial evidence. The BIA's interpretation of the "purpose or benefits" clause of Sections 1227(a)(3)(D) and 1182(a)(6)(C)(ii), an interpretation focusing on Nayani's intent rather than actual benefits received, was not "arbitrary, capricious, or manifestly contrary to [a] statute" and is therefore deserving of our deference. Chevron, 467 U.S. at 844.

Nayani's petition for review is DENIED.