IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 24, 2008

Charles R. Fulbruge III
Clerk

No. 07-60291

SYED RASHID AHMED

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A40 048 129

Before DAVIS, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Petitioner Syed Rashid Ahmed ("Ahmed") brought this appeal seeking review of the Board of Immigration Appeals's ("BIA") decision denying him relief under the United Nations Convention Against Torture ("CAT"). For the reasons discussed herein, this court lacks jurisdiction to review Ahmed's petition and the petition is dismissed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.    Factual and Procedural Background

Ahmed is a native and citizen of Pakistan.  In 1987, he was admitted to the United States as a conditional lawful permanent resident.  In November 2004, Ahmed was convicted of possession with intent to deliver a large amount of methamphetamine in the United States District Court for the Eastern District of Texas.  He was sentenced to 108 months confinement.  As a result of the criminal activity, the Department of Homeland Security ("DHS") alleged that Ahmed was removable under 8 U.S.C. §§ 1227(a)(2)(A)(iii) and 1227(a)(2)(B)(i).

Ahmed's removal proceedings in Immigration Court commenced on September 2, 2005.  Ahmed admitted to the allegations and conceded removability.  Based on those admissions, the Immigration Judge ("IJ") found that removability had been established and designated Pakistan as the country for removal.

Ahmed sought relief from removal in the form of withholding of removal and protection from removal through CAT.  The IJ determined that Ahmed was ineligible for withholding of removal because he admitted that he was an aggravated felon whose crime was particularly serious.  The IJ then granted Ahmed time within which to prepare an application for deferral of removal under CAT.  In September 2006, after multiple intervening proceedings, an IJ conducted a merits hearing on the CAT claim.  Ahmed presented the testimony of two witnesses in addition to his own.

Ahmed's first witness was Dr. Fred Sadri, an expert on the sociology of religion in Pakistan and a native of Tehran, Iran. Dr. Sadri presented himself as an expert on the sociology of religion in Pakistan based on his 1974 Ph.D. from the University of Tehran, his two visits to Pakistan, and the fact that "he has a good friend in Pakistan." Dr. Sadri opined that based on Ahmed's criminal history and religious conversion from Islam to Christianity, he would be arrested immediately at the airport upon his return to Pakistan and would suffer torture.

The second witness to testify was Father Christopher Nyack, a Catholic priest who had been serving as a pastor for two years in the federal correctional facility. Father Nyack testified that Ahmed attended Mass for "the last four or five months." Father Nyack also stated that Ahmed told him that he wanted to convert to Catholicism. Father Nyack testified that Ahmed's desire to convert to Catholicism appeared "genuine."

Ahmed also testified, stating that he first became interested in Catholicism in 1997. Ahmed explained that he feared returning to Pakistan based on what he had heard in the media regarding his native country as well as the fact that he had witnessed how the lives of Christians in Pakistan "were made hell." Ahmed provided examples from when he "was very little," recalling instances where car tires were punctured and corn husks placed in a car's tail pipe to prevent Christians from going to church.

At the conclusion of the September 2006 hearing, the IJ held that Ahmed was removable, and denied Ahmed's applications for withholding of removal and protection from removal under CAT. In October 2006, Ahmed filed a notice of appeal with the BIA. Ahmed contended that the IJ erred by not granting him deferral of removal under CAT even though the evidence "conclusively establish[ed]" a different result. On March 14, 2007, the BIA affirmed the IJ's decision and dismissed Ahmed's appeal. After reviewing the evidence in the record, the BIA held that

> [t]o qualify for deferral of removal, the respondent must demonstrate that it is more likely than not that he will be tortured by or at the instigation of or with the consent or acquiescence of the Pakistani authorities. . . . While country conditions evidence, including that contained in the administrative record, does reflect that torture is a serious and ongoing problem in Pakistan, particularly as against criminal suspects, the evidence does not establish that the Pakistani authorities are likely to torture the respondent, or acquiesce in his torture by others, simply because he is identifiable as a Christian or has been convicted of a drug offense

in the United States. Although societal violence against Christians, including those who were former Muslims, does indeed occur in Pakistan, the record does not reflect that such violence often sinks to the level of torture, or that it is inflicted with the consent or acquiescence of the Pakistani Government. Finally, although the respondent has a criminal record in the United States, he has offered no evidence to demonstrate that his status as a criminal returnee will likely result in his torture in Pakistan.

This appeal followed.

II.    Discussion

A.    Standard of Review

This court must first determine whether it has jurisdiction to consider Ahmed's petition, which determination is based in part on the rulings of the BIA. See Omari v. Gonzales, 419 F.3d 303, 306 (5th Cir. 2005).  This Court generally has authority to review only the decision of the BIA.  Zhu v. Gonzales, 493 F.3d 588, 593 (5th Cir. 2007).  The parties dispute whether this Court should also review the IJ's decision.  Ahmed seeks to limit review to the BIA's decision, while Respondent suggests that we review the BIA's and IJ's decisions.  When the IJ's ruling affects the BIA's decision, the court also reviews the decision of the IJ.  Id. In this case, the BIA independently addressed the legal standard and reviewed the record for evidence to support Ahmed's claim, so we must review only the BIA's decision.

B.    Jurisdiction

The Immigration and Nationality Act ("INA") § 237(a)(2)(A)( iii), 8 U.S.C. § 1227(a)(2)(A)(iii) provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable."  INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i) provides that "[a]ny alien who at any time after admission has been convicted of a violation of . . . any law or regulation of a State [or] the United States . . . relating to a controlled substance (as defined in section 802 of

Title 21) . . . is deportable." Ahmed does not dispute that he is an alien removable either as an aggravated felon or for his controlled substance violation.

If an alien is convicted of an offense falling under either of these sections, a court is barred from reviewing the final order of removal.

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) or 1227(a)(2)(A)(iii), (B), (C), or (D) of this title, or any offense covered by section 1227(a)(2)(A)(ii) of this title for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 1227(a)(2)(A)(i) of this title.

INA § 242(a)(2)(C), 8 U.S.C § 1252(a)(2)(C) (emphasis added).

Despite the jurisdictional bar to review final orders of removal against certain criminal aliens, this court retains jurisdiction to consider "constitutional questions or questions of law" raised in the context of a petition for review. See INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D) (added by REAL ID Act § 106(a)); see also Hernandez-Castillo v. Moore, 436 F.3d 516, 519 (5th Cir.), cert. denied, 127 S. Ct. 40 (2006); accord Toussaint v. Attorney Gen., 455 F.3d 409, 412 n.3 (3rd Cir. 2006) (stating that a petition for review filed in the appropriate court of appeals "is the sole and exclusive means for judicial review of any cause or claim under the [CAT] except as provided in subsection (e) of this section" but explaining that "jurisdiction extends only to constitutional claims and questions of law") (internal citations omitted).

Ahmed contends that his issue raises a question of law, namely whether the BIA applied the appropriate legal standard of review.[1] To prove entitlement

---

[1] Ahmed also seeks to invoke jurisdiction pursuant to 8 U.S.C. § 1252(a)(4), which provides in part that "a petition for review filed with an appropriate court of appeals in

to protection under the CAT, the applicant must demonstrate that, if removed to his country of origin, it is more likely than not he would be tortured by, or with the acquiescence of, government officials acting under color of law. 8 C.F.R. § 208.16(c)(2). In its order, the BIA expressly stated that "[t]o qualify for deferral of removal, the respondent must demonstrate that it is more likely than not that he will be tortured by or at the instigation of or with the consent or acquiescence of the Pakistani authorities." There is nothing in the record to demonstrate that the BIA misapplied the appropriate legal standard. Ahmed's petition for review of the BIA's decision does not raise a legal question; rather, Ahmed disagrees with the factual determinations of the BIA. See Saintha v. Mukasey, 516 F.3d 243, 248-51 (4th Cir. 2008) (holding court had no jurisdiction to review whether denial of CAT claim was based on substantial evidence); Hanna v. Gonzales, 449 F.3d 834, 836-37 (8th Cir. 2006) (holding court had no jurisdiction to review challenges to factual determination of whether the evidence showed it would not be safe for alien to return to Afghanistan); Hamid v. Gonzales, 417 F.3d 642, 647-48 (7th Cir. 2005) (holding court had no jurisdiction to review whether IJ's decision was based on substantial evidence). But cf. Ramadan v. Gonzales, 479 F.3d 646, 657 (9th Cir. 2007) (holding that the determination of whether a plaintiff had shown "changed circumstances" so as to qualify for asylum under The Real ID Act was a mixed question of law and fact and thus subject to appellate review).

---

accordance with this section shall be the sole and exclusive means for judicial review of any cause or claim under the [CAT]." Ahmed concedes that he can find no case law to support this argument. This statute makes clear that a petitioner may not file a petition for review of a CAT claim in the federal district court. See Toussaint, 455 F.3d at 412 n.3. This section does not further enlarge the jurisdiction of this court to hear a CAT claim where the court does not otherwise have jurisdiction.

Because the statute of conviction falls within the relevant INA definition, and because Ahmed's petition fails to raise either a constitutional claim or a question of law, this court lacks jurisdiction to review Ahmed's petition.

III. Conclusion

For the foregoing reasons, we DISMISS Ahmed's petition for lack of jurisdiction.