# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 12, 2009

Charles R. Fulbruge III
Clerk

No. 07-60053
Summary Calendar

LUIS ANTONIO GARCES-SOTO

Petitioner

v.

ERIC H. HOLDER, JR., U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A27 608 828

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Luis Antonio Garces-Soto (Garces) petitions this court for review of the Board of Immigration Appeals' (BIA) decision dismissing his appeal from a final order of removal. Garces asserts that the BIA erred when it denied him a waiver of inadmissibility under former § 212(c) (8 U.S.C. § 1182(c) (1996)) of the Immigration and Nationality Act and a suspension of deportation.

Garces argues that he is eligible for a § 212(c) waiver of inadmissibility on a nunc pro tunc basis and that the BIA erred as a matter of law in holding that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

it lacked the authority to grant such a waiver. Garces is not entitled to nunc pro tunc relief. See Vo v. Gonzales, 482 F.3d 363, 366-67 (5th Cir. 2007).

Garces also argues that he is eligible for a § 212(c) waiver because there is a comparable ground of inadmissibility in § 212(a), namely a crime involving moral turpitude, for his conviction of sexual abuse of a minor. Garces's arguments are foreclosed by this court's precedent. See Avilez-Granados v. Gonzales, 481 F.3d 869, 871-72 (5th Cir. 2007).

Garces further argues that the BIA erred in concluding that he was not eligible for a suspension of deportation under former 8 U.S.C. § 1254(a)(2). Garces also contends that because the BIA failed to specifically adopt the reasoning and set forth its own reasons for finding Garces ineligible for a suspension of deportation, the matter should be remanded to the BIA for further consideration. Garces cannot satisfy the good moral character requirement of former § 1254(b) because he was convicted of an aggravated felony (sexual abuse of a minor) in 1993. 8 U.S.C. § 1101(f)(8).

Accordingly, Garces's petition for review is DENIED, and Garces's motion to stay is DENIED AS MOOT.