# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 19, 2011

No. 09-60893

Lyle W. Cayce
Clerk

DELROY BANCROFT FORDE, also known as Delroy G Forde, also known as Denuy Ford, also known as Donovan P Ford, also known as Dulnoy Farde, also known as Danny Ford, also known as Coral G Ford, also known as Forde P Delroy, also known as Gilroy B Forde, also known as Delroy D Ford, also known as Delory B Ford, also known as Delroy Forge,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

On Petition for Review
from the Board of Immigration Appeals
A035 959 726

Before JOLLY, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Delroy Forde seeks review of an order by the Board of Immigration Appeals denying him relief under the Convention Against Torture. Because we

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60893

do not have jurisdiction to review two of Forde's claims and we affirm his third, his petition is denied.

## I.

Forde, a native and citizen of Jamaica, was admitted into the United States as a lawful permanent resident on May 7, 1979. Following convictions for an aggravated felony and a controlled substance offense, Forde was charged with removal pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) and § 1227(a)(2)(B)(i). The Immigration Judge (IJ) found Forde was removable, but that Forde was eligible for relief under the Convention Against Torture (CAT). Because Forde was HIV positive, the IJ concluded that he would be perceived as a homosexual in Jamaica, where homosexuals are subject to torture and homosexual conduct is criminalized.

The Department of Homeland Security (DHS) appealed to the Board of Immigration Appeals (BIA). The BIA vacated the IJ's grant of relief, finding that Forde failed to establish a clear probability of torture. The BIA held that Forde did not demonstrate that an HIV positive person would be targeted for physical attacks or arrested under Jamaican laws criminalizing homosexual acts. Finally, the BIA denied a motion to remand to the IJ for consideration of previously unavailable evidence, finding that the evidence was cumulative and that Forde failed to establish that the evidence was previously unavailable. Forde timely filed a petition for review.

## II.

On appeal, Forde asserts that the BIA erred by: (1) engaging in a de novo review of the IJ's factual findings; (2) finding that Forde was not entitled to relief

No. 09-60893

under the CAT; and (3) denying his motion to remand for consideration of previously unavailable evidence. We address each in turn.

**A.**

Forde's contention that the BIA conducted a de novo review of the IJ's factual findings challenges an alleged legal error in the BIA's decision, which Forde was required to raise before the BIA by filing a motion for reconsideration. *See Omari v. Holder*, 562 F.3d 314, 319–20 (5th Cir. 2009) (finding that an alien did not exhaust his claim of impermissible fact finding by the BIA when he failed to raise it in a motion for reconsideration). Because Forde failed to file a motion for reconsideration, he did not exhaust his remedies and we lack jurisdiction to review this claim. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004) ("Failure to exhaust an issue creates a jurisdictional bar as to that issue.").

**B.**

Forde also contends that the BIA erred in vacating the IJ's grant of relief under the CAT, asserting that the evidence compels a finding that Forde would be subject to torture if removed to Jamaica due to his HIV positive status.

When an alien is found removable for having committed controlled substance offenses, aggravated felonies, or crimes involving moral turpitude, this court lacks jurisdiction to review the BIA's final order of removal. *See* 8 U.S.C. §§ 1182(a)(2)(A)(i)(I), 1227(a)(2)(A)(ii) & (B)(i); 8 U.S.C. § 1252(a)(2)(C); *Brieva-Perez v. Gonzales*, 482 F.3d 356, 359 (5th Cir. 2007). We do, however, have jurisdiction to review constitutional claims or questions of law raised in a petition for review. *See* 8 U.S.C. § 1252(a)(2)(D); *Brieva-Perez*, 482 F.3d at 359.

No. 09-60893

Forde does not challenge the legal standard applied by the BIA.[1] Rather, Forde asserts that the BIA erred as a matter of law in reversing the IJ's grant of relief under the CAT. Despite this framing of the issue, Forde's argument on appeal essentially challenges the BIA's finding that, because Forde is not a homosexual, his threat of torture was not established. Thus, Forde's argument challenges whether the BIA's decision was supported by substantial evidence, which presents a factual question. *See, e.g.*, *Hakim v. Holder*, 628 F.3d 151, 155 (5th Cir. 2010) (finding that the court did not have jurisdiction to consider whether the BIA's denial of relief was supported by substantial evidence); *Cruz v. Holder*, 398 F. App'x 17, 18 (5th Cir. 2010); *Ahmed v. Mukasey*, 300 F. App'x 324, 328 (5th Cir. 2008); *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) ("We use the substantial evidence standard to review the IJ's factual conclusion that an alien is not eligible for . . . relief under the Convention Against Torture." (quotations and citations omitted)). Forde's argument that the evidence established that he would be subject to torture for his HIV positive status is a factual question we do not have jurisdiction to consider.

## C.

In his final point of error, Forde asserts that the BIA erred in denying his motion to remand to the IJ for consideration of previously unavailable evidence. Forde's argument focuses solely on whether the evidence was actually unavailable and the standard applied by the court in making such determination. Forde fails to address the BIA's finding that the evidence was

---

[1] To the extent that Forde did challenge the legal standard applied by the BIA, he failed to exhaust this issue before the BIA by filing a motion for reconsideration and we do not have jurisdiction to review the claim. *See Omari*, 562 F.3d at 319; *Roy*, 389 F.3d at 136.

No. 09-60893

cumulative to other evidence already in the record. As such, Forde has forfeited his challenge to this alternative holding on appeal, which we affirm. *See Singh v. Holder*, 568 F.3d 525, 529 (5th Cir. 2009) (finding that petitioner's failure to raise an issue with a BIA's determination waives the argument on appeal).

PETITION DENIED.