# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60026
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 16, 2019

Lyle W. Cayce
Clerk

CLARENCE RUDOLPH ADOLPHUS,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A036 848 423

Before BENAVIDES, HIGGINSON, and ENGELHARDT, Circuit Judges.
PER CURIAM:[*]

Clarence Rudolph Adolphus petitions for review of the decision of the
Board of Immigration Appeals (BIA) dismissing his appeal from the order of
the immigration judge (IJ) holding him removable under 8 U.S.C.
§ 1227(a)(2)(A)(iii) and denying his application for asylum, withholding of
removal, and Convention Against Torture (CAT) relief. Adolphus does not
challenge the determinations that he committed an aggravated felony and is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 18-60026

removable under § 1227(a)(2)(A)(iii); nor does he argue that he is entitled to asylum. Accordingly, he has abandoned any such claims. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); FED. R. APP. P. 28(a)(8)(A).

We lack jurisdiction to review a final order of removal against an alien who is removable under § 1227(a)(2)(A)(iii) for having committed an aggravated felony. 8 U.S.C. § 1252(a)(2)(C); *see Brieva-Perez v. Gonzales*, 482 F.3d 356, 359 (5th Cir. 2007). Our jurisdiction is limited to considering only constitutional claims or questions of law. § 1252(a)(2)(D); *see Brieva-Perez*, 482 F.3d at 359. We review our subject matter jurisdiction de novo. *See Garcia-Melendez v. Ashcroft*, 351 F.3d 657, 660 (5th Cir. 2003). Adolphus largely asserts that the record evidence established that he was entitled to CAT relief and withholding of removal; however, "we do not have jurisdiction to review factual determinations made pursuant to removal orders based upon an aggravated felony." *Escudero-Arciniega v. Holder*, 702 F.3d 781, 785 (5th Cir. 2012); *see* § 1252(a)(2)(C).

Adolphus contends that he was denied CAT relief based upon the flawed standard set forth in *Matter of S-V-*, 22 I. & N. Dec. 1306, 1311 (BIA 2000). *See Hakim v. Holder*, 628 F.3d 151, 155-57 (5th Cir. 2010). Although it made limited reference to *Matter of S-V-*, the BIA adopted the IJ's analysis in affirming the denial of CAT relief; the IJ, in turn, correctly applied the analytical framework set forth in *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350-51 (5th Cir. 2006). *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009) (holding that we may review IJ's findings and conclusions when BIA adopts them).

To the extent that Adolphus challenges the legal standard applied in denying him CAT relief, his petition for review is DENIED. The petition is DISMISSED in remaining part for lack of jurisdiction.