**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 27, 2006**

**Charles R. Fulbruge III**
**Clerk**

**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

No. 04-60210

SAMARJEET SINGH SIDHU,

Petitioner,

VERSUS

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of Orders
of the Board of Immigration Appeals

(A38 007 490)

Before REAVLEY, JOLLY, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Petitioner Samarjeet Singh Sidhu ("Sidhu") filed a petition for review with this Court, asking us to review two decisions of the Board of Immigration Appeals ("BIA"). The first concluded that Sidhu is removable and ineligible for relief from removal under the Immigration and Nationality Act ("INA") because he was convicted of an "aggravated felony" as defined therein, and the second concluded

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that he is not eligible for a waiver of inadmissibility under former section 212(c) of the INA pursuant to *INS v. St. Cyr*, 533 U.S. 289 (2001), because his conviction was the result of a jury trial rather than a guilty plea. Sidhu argues that he is not removable as an aggravated felon because his conviction did not have as an element "loss to the victim or victims" in excess of $10,000, as charged by the Immigration and Naturalization Service ("INS"), and that even if he is removable, he is nonetheless eligible for a waiver of inadmissibility under former section 212(c) because a guilty plea is not a prerequisite to relief pursuant to *St. Cyr*. Respondent Alberto R. Gonzales ("Gonzales") moved to dismiss the petition for review for lack of jurisdiction. That motion was carried with the case. Because we find that Sidhu's claims present questions of law, we have jurisdiction to consider the petition for review and the motion to dismiss is denied; however, we ultimately deny the petition for review because the BIA properly classified Sidhu's prior conviction as an aggravated felony and correctly held that Sidhu is not eligible for former section 212(c) relief.

I.

Sidhu was admitted to the United States as a lawful permanent resident in 1984. In 1996, Sidhu was convicted by a jury of conspiracy to commit mail fraud in violation of 18 U.S.C. §§ 1341 and 371; aiding and abetting mail fraud in violation of 18 U.S.C.

2

§§ 1341 and 2; and making material false, fictitious, and fraudulent statements to federal investigators in violation of 18 U.S.C. § 1001. The conviction was based on Sidhu's participation in a fraudulent billing scheme that was alleged in Count 1 of the indictment to have resulted in "approximately $1.2 million in fraudulent billings in 1993 and 1994." The jury found Sidhu guilty on that count, among others.

In 1999, Sidhu was charged by the INS with being subject to removal as an aggravated felon under section 237(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii). Specifically, the INS charged that Sidhu was removable because he was convicted of an "aggravated felony" as defined in subsections 101(a)(43)(M)(i) and (U), 8 U.S.C. § 1101(a)(43)(M)(i), (U).[2] Sidhu admitted through counsel all of the factual allegations, except the allegation that his conviction involved a "loss to the victim or victims" in excess of $10,000. On April 18, 2001, by written decision, the Immigration Judge ("IJ") found Sidhu subject to removal as charged and ineligible for relief from removal. Sidhu appealed the IJ's decision to the BIA and also submitted a supplemental brief arguing that he was eligible for relief under former section 212(c) of the INA pursuant to the newly decided *St. Cyr*. The BIA dismissed

---

[2]Subsection (M)(i) defines an aggravated felony as "an offense that involves fraud or deceit in which the loss to victim or victims exceeds $10,000," and subsection (U) defines an aggravated felony as "an attempt or conspiracy to commit an offense described in [§ 1101(a)(43)]." 8 U.S.C. § 1101(a)(43)(M)(i), (U).

Sidhu's appeal, adopting the IJ's reasoning that because the jury found Sidhu guilty on Count 1 of the indictment, he was necessarily convicted of an aggravated felony as described in subsections 101(a)(43)(M)(i) and (U) of the INA. However, finding *St. Cyr*'s scope unclear under a pending regulation, the BIA remanded Sidhu's case to the IJ for consideration of whether he was eligible for former section 212(c) relief. On remand, the IJ granted Sidhu a waiver of inadmissibility under former section 212(c), and the Department of Homeland Security (formerly the INS) appealed the IJ's decision. The BIA found on appeal that Sidhu was not eligible for former section 212(c) relief because *St. Cyr*'s rule of retroactivity was not applicable to aliens like Sidhu who were convicted by a jury and no relevant regulation broadened the scope of that rule. The BIA ordered Sidhu removed from the United States to Canada. Sidhu timely petitioned for review.

## II.

This Court reviews questions of law as to jurisdiction *de novo*. *Ramirez-Molina v. Ziglar*, 436 F.3d 508, 513 (5th Cir. 2006). The REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231 (2005), "amends 8 U.S.C. § 1252(a)(2)(C) to preclude all judicial review, habeas or otherwise, where a removal order is based on, *inter alia*, the alien's commission of an aggravated felony." *Hernandez-Castillo*, 436 F.3d at 519. However, "[t]he Act also altered the INA to provide that '[n]othing in subparagraph . . . (C) [of 8 U.S.C.

4

§ 1252(a)(2)] . . . shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.'" *Id.* (quoting 8 U.S.C. § 1252(a)(2)(D)) (first alteration in original). Because both of Sidhu's claims--that his prior conviction does not qualify as an "aggravated felony" and that he is eligible for former section 212(c) relief--involve questions of law, we have jurisdiction to consider his petition for review. *See Rodriquez-Castro v. Gonzales*, 427 F.3d 316, 319 (5th Cir. 2005); *Hernandez-Castillo v. Moore*, 436 F.3d 516, 519 (5th Cir. 2006). We review questions of law *de novo*, deferring to the BIA's interpretation of immigration regulations if that interpretation is reasonable. *Hernandez-Castillo*, 436 F.3d at 519.

Having carefully reviewed the record, the briefs, and the oral argument of the parties, we affirm the BIA's decision that Sidhu is removable as an aggravated felon essentially for the reasons stated by the BIA. We also affirm the BIA's decision that Sidhu is not eligible for former section 212(c) relief pursuant to *St. Cyr*. In *Hernandez-Castillo*, filed after the BIA issued its decision, we decided that a guilty plea is a necessary condition to former section 212(c) relief under *St. Cyr*. *Hernandez-Castillo*, 436 F.3d at 519-20. Sidhu was convicted following a jury trial; therefore, he is ineligible for former section 212(c) relief. *Id.*

Accordingly, the motion to dismiss for lack of jurisdiction is

DENIED; and the petition for review is also DENIED.