United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 7, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

**No. 05-60502
Summary Calendar**

**RAZA HUSAIN,**

**Petitioner,**

**versus**

**ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,**

**Respondent.**

**Petition for Review from the
Board of Immigration Appeals
(A38 882 172)**

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Raza Husain, a citizen of Canada, became a legal permanent resident of the United States in 1984. In 2001, an immigration judge (IJ) ordered Husain removed to Canada pursuant to § 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii), for having been convicted of an aggravated felony firearms offense. The IJ denied Husain's motion for reconsideration and, in early 2002, the Board of Immigration

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Appeals (BIA) affirmed without opinion. In late 2002, the BIA denied Husain's motion to reopen or reconsider.

Husain apparently completed serving his felony-firearms sentence in 2004. On 27 December 2004, Husain filed a 28 U.S.C. § 2241 petition seeking judicial review of his removal order. He was removed to Canada in early 2005. In June 2005, the habeas petition was transferred to this court pursuant to the Real ID Act of 2005, Pub. L. No. 109-13, § 106(c), 119 Stat. 231, 311, to be treated as a timely petition for review. *See* **Rosales v. Bureau of Immigration & Customs Enforcement**, 426 F.3d 733, 736 (5th Cir. 2005), *cert. denied*, 126 S. Ct. 1055 (2006). The REAL ID Act provides jurisdiction for this court to review Husain's constitutional claims and questions of law. **Hernandez-Castillo v. Moore**, 436 F.3d 516, 519 (5th Cir. 2006).

Husain, proceeding *pro se*, contends the IJ violated his due process rights by advising him that he was not entitled to immigration relief, in particular to an adjustment of status under 8 U.S.C. § 1255(a). Husain further contends the BIA erred by failing to correct the error on appeal and abused its discretion by failing to reopen or reconsider its decision. Husain's appeal to the BIA did not to challenge the IJ's alleged failure to advise him correctly. Accordingly, the BIA did not err by affirming the IJ's decision without considering the issue.

Nor has Husain shown the IJ erred or violated his due process rights by advising him that he was not entitled to immigration relief, in particular relief under § 1255(a). 8 U.S.C. § 1255(i)(2)(B); *see* **Ahmed v. Gonzales**, 447 F.3d 433, 435, 440 (5th Cir. 2006). Accordingly, Husain has not shown the BIA abused its discretion by denying his motion to reopen or reconsider. *See* **Zhao v. Gonzales**, 404 F.3d 295, 303 (5th Cir. 2005).

*PETITION FOR REVIEW DENIED*