United States Court of Appeals
Fifth Circuit

**F I L E D**

November 14, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 05-60922
Summary Calendar

APOLONIO VELOZ-RAMIREZ,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

**Petition for Review of an Order of the
Board of Immigration Appeals
(A91 471 567)**

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Apolonio Veloz-Ramirez pleaded guilty in 1993 to aggravated assault with a deadly weapon, a firearm. He seeks review of the BIA's removal order and denial of his waiver-of-removal and cancellation-of-removal applications under former 8 U.S.C. § 1182(c) and 8 U.S.C. § 1229b.

Under the REAL ID Act, because Veloz-Ramirez's 1993 conviction was a firearm offense under 8 U.S.C. § 1227(a)(2)(C), our jurisdiction is limited by § 1252(a)(2)(C) to review of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(D); ***Hernandez-Castillo v. Moore***, 436 F.3d 516, 519 (5th Cir.), *cert. denied*, ___ S. Ct. ____, 2006 WL 849672 (2 Oct. 2006). We review only the BIA's decision, except to the extent it was influenced by the IJ's decision. *See **Carbajal-Gonzalez v. INS***, 78 F.3d 194, 197 (5th Cir. 1996). Although we review *de novo* the BIA's conclusions of law, we defer to its interpretation of immigration regulations if such interpretation is reasonable. ***Hernandez-Castillo***, 436 F.3d at 519.

Veloz-Ramirez first contends the BIA erred in finding him ineligible for waiver of removal under former 8 U.S.C. § 1182(c). Veloz-Ramirez was charged with being removable based on his 1993 conviction, which, in addition to constituting a § 1227(a)(2)(C) firearm offense, constituted a crime involving moral turpitude under § 1227(a)(2)(A)(i). Because there was a directly comparable ground of inadmissibility under 8 U.S.C. § 1182(a), Veloz-Ramirez was eligible for former § 1182(c) waiver of removability for his crime as involving moral turpitude. Nevertheless, he was *not* similarly eligible *for his crime as a firearm offense* because there was no such directly comparable inadmissibility ground. ***Chow v. INS***, 12 F.3d 34, 38 (5th Cir. 1993).

Veloz-Ramirez next maintains the BIA erred in finding him ineligible for cancellation of removal under 8 U.S.C. § 1229b(a). He maintains the BIA erred in retroactively applying the Illegal

2

Immigration Reform and Immigrant Responsibility Act's "stop-time" provision to pretermit his application.  As noted, Veloz-Ramirez's 1993 conviction was a § 1227(a)(2)(A)(i) moral-turpitude crime, which is referred to in 8 U.S.C. § 1182(a)(2).  Therefore, when Veloz-Ramirez committed the underlying aggravated assault on 1 January 1992, his period of continuous United States residence terminated pursuant to 8 U.S.C. § 1229b(d)(1).  At that time, he had not yet accrued the seven years of continuous United States residence required for § 1229b(a) cancellation-of-removal eligibility.  Further, retroactive application of the stop-time rule does *not* violate aliens' due process rights.  *See **Gonzalez-Torres v. INS***, 213 F.3d 899, 903 (5th Cir. 2000).  Therefore, Veloz-Ramirez has again failed to show BIA error.

*DENIED*

3