# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 2, 2009

Charles R. Fulbruge III
Clerk

No. 08-60931
Summary Calendar

GUSTAVO DELFIN PEREZ,

Petitioner

v.

ERIC H. HOLDER, JR, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
A23 237 487

Before REAVLEY, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Petitioner Gustavo Delfin Perez petitions for review of the Board of Immigration Appeals's ("BIA") order upholding the immigration judge's ("IJ") decision that Petitioner was ineligible for a waiver of inadmissibility pursuant to former § 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c) (repealed 1996).  For the following reasons, the petition is DENIED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. Petitioner first argues that the IJ failed to properly assess the evidence showing Petitioner relied on § 212(c) in deciding to proceed to trial. However, this court lacks jurisdiction to review the IJ's factual findings, and is limited in its review to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(C)-(D); *Larin-Ulloa v. Gonzalez*, 462 F.3d 456, 460-61 (5th Cir. 2006). Moreover, the evidence supports the IJ's finding.

2. Petitioner further argues that the immigration judge failed to reopen the proceedings for further evidence in light of this circuit's decision in *Carranza-De Salinas v. Gonzales*, 477 F.3d 200 (5th Cir. 2007). However, Petitioner was provided adequate opportunity to present evidence and develop the record regarding his § 212(c) claim before the IJ issued his decision, and Petitioner never requested the opportunity to present additional evidence before appeal. Moreover, Petitioner's counsel specifically argued the theory of § 212(c) reliance, and the IJ's decision cited to and reviewed the facts of the instant case in light of *Carranza-De Salinas* when determining that Petitioner was ineligible for relief.

3. Petitioner further argues that he is eligible for § 212(c) relief *nunc pro tunc* for his prior entries while in inadmissible status. However, the BIA correctly concluded that it does not have the authority to initiate removal proceedings in order to charge Petitioner with removal *nunc pro tunc* so it may then grant him relief *nunc pro tunc*.

4. Ultimately, the IJ found that after a review of all the evidence, Petitioner did not become aware of § 212(c) until after its repeal. Petitioner has therefore failed to demonstrate actual detrimental reliance on former § 212(c), thus failing to establish eligibility for relief. *See Carranza-De Salinas*, 477 F.3d at 206-10; *Hernandez-Castillo v. Moore*, 436 F.3d 516, 520 (5th Cir. 2007); *see also INS v. St. Cyr*, 533 U.S. 289, 326, 121 S. Ct. 2271, 2293 (2001). Accordingly, Petitioner's assignments of error fail.

PETITION DENIED.