# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 28, 2012

No. 11-60540
Summary Calendar

Lyle W. Cayce
Clerk

RODRIGO VARGAS SANCHEZ, also known as Rodrigo Vargas,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A030 415 162

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Colombian citizen Rodrigo Vargas Sanchez petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal of the Immigration Judge's denial of his application for cancellation of removal. The BIA determined that Vargas Sanchez was statutorily ineligible for such cancellation because his 1979 Texas conviction for possession of marijuana precluded him from satisfying the requirement of seven years of continuous residency in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60540

United States following his admission. 8 U.S.C. § 1229b(a)(2) (continuous residency requirement for cancellation of removal eligibility); 8 U.S.C. § 1229b(d)(1)(B) (providing, for purposes of cancellation of removal, that continuous residence deemed to end upon commission of certain offenses) ("stop-time rule").

Vargas Sanchez first maintains application to his 1979 conviction of the stop-time rule under 8 U.S.C. § 1229b(d)(1)(B), which was enacted in 1996 as part of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), has an impermissible retroactive effect and violates his due-process rights because it attaches a new disability to the guilty plea underlying his 1979 conviction. Questions of law and claims of constitutional error in immigration proceedings are reviewed *de novo*. *Heaven v. Gonzales*, 473 F.3d 167, 171 (5th Cir. 2006); *Hernandez-Castillo v. Moore*, 436 F.3d 516, 519 (5th Cir. 2006).

In *Heaven*, 473 F.3d at 171-76, our court considered the precise issue presented here: whether the stop-time rule under § 1229b(d)(1)(B) is retroactively applicable to an alien's pre-1996 convictions, where the immigration proceedings against the alien commenced *after* the IIRIRA became effective in 1997. Our court concluded: Congress had clearly conveyed its intent that the stop-time rule be retroactively applied in such circumstance; and the retroactive application of the stop-time rule did not amount to a due-process violation. *Id.* at 175-76.

Needless to say, one panel of this court may not overturn a prior decision of another, absent an intervening change in the law, such as a statutory amendment, or by a contrary or superseding decision by either the Supreme Court or our court *en banc. E.g.*, *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008). Along that line, Vargas Sanchez contends *Heaven* should be overturned based on the Supreme Court's recent decision in *Vartelas v. Holder*, 132 S. Ct. 1479 (2012), in which the Court considered the retroactive applicability of the definitions of "admission" and "admitted" under the IIRIRA,

2

codified at 8 U.S.C. § 1101(a)(13). According to Vargas Sanchez, *Vartelas* clarified that § 309(a) of the IIRIRA, which set forth the general effective date of the IIRIRA, lacked a clear statement of congressional intent for retroactive application of the IIRIRA. 132 S. Ct. at 1487.

That § 309(a) does not provide for retroactive application of the IIRIRA is not controversial, as the Supreme Court had so determined in *INS. v. St. Cyr*, 533 U.S. 289, 318 (2001), five years before *Heaven* was decided by our court. Thus, the reiteration of such a point in *Vartelas* does not constitute an intervening change in the law. *Vartelas* is distinguishable from this case for the same reason *St. Cyr* was distinguishable from *Heaven*: neither *Vartelas* nor *St. Cyr* concerned the stop-time rule and thus did not implicate § 309(c)(5) of the IIRIRA, which the *Heaven* court held applied retroactively. 473 F.3d at 175-76.

Accordingly, *Heaven* controls. Therefore, the BIA did not err in applying retroactively the stop-time rule to Vargas Sanchez' 1979 conviction.

Vargas Sanchez also claims his substantive and procedural due-process rights were infringed when the BIA applied retroactively to his 1979 conviction the definition of "conviction" enacted by the IIRIRA in 8 U.S.C. § 1101(a)(48)(A). According to Vargas Sanchez, the retroactive application of that definition stripped his right to apply for cancellation of removal without any legitimate rational basis. Concerning that rational-basis standard, an alien's due-process rights are "limited by Congress's broad powers to control immigration". *Rodriguez v. INS*, 9 F.3d 408, 413 (5th Cir. 1993). "In light of Congress's plenary power to pass legislation concerning the admission or exclusion of aliens, it is clear that no more searching review than that of rational basis is appropriate." *Madriz-Alvarado v. Ashcroft*, 383 F.3d 321, 332 (5th Cir. 2004).

In *Madriz-Alvarado*, 383 F.3d at 334-35, our court rejected the assertion that it was unconstitutional to apply § 1101(a)(48)(A) to a pre-1996 Texas deferred adjudication which would not have been considered a conviction for immigration purposes under the jurisprudential standards that existed prior to

the enactment of § 1101(a)(48)(A).  Our court reasoned that it was "well settled that Congress has the authority to make past criminal activity a new ground for deportation".  *Id.* at 334 (internal quotation marks omitted).  Vargas Sanchez' substantive due-process challenge cannot be reconciled with this holding in *Madriz-Alvarado* and is, therefore, unavailing.

Vargas Sanchez asserts his procedural due-process challenge survives *Madriz-Alvarado*, even if his substantive due-process challenge does not. Regarding procedural due process, he asserts that the retroactive application of § 1108(a)(48)(A) precluded him from being able to present the merits and equities of his application for cancellation of removal.  Vargas Sanchez does not have "a constitutionally protected right to actual discretionary relief from removal or to be eligible for such discretionary relief".  *Manzano-Garcia v. Gonzales*, 413 F.3d 462, 471 (5th Cir. 2005).  Along that line, cancellation of removal is a form of discretionary relief from removal.  8 U.S.C. § 1229b.  Thus, Vargas Sanchez cannot show a procedural due-process violation in his immigration proceedings based on the determination that he was statutorily ineligible for cancellation of removal.  *Manzano-Garcia*, 413 F.3d at 471.

DENIED.