# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60106
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 24, 2016

Lyle W. Cayce
Clerk

FILEMON LIMONTECO LUCAS,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A091 237 190

Before JOLLY, BENAVIDES, and HIGGINSON, Circuit Judges.

PER CURIAM:

Filemon Limonteco Lucas (Limonteco), a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals (BIA) that he is statutorily ineligible for relief from removal under former § 212(c) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(c) (repealed 1997). For the following reasons, we DENY the petition for review.

## BACKGROUND

Limonteco pleaded guilty in December 1996 to transporting an alien within the United States, in violation of 8 U.S.C. § 1324(a)(1)(A), and he received a sentence of probation in March 1997. In 2008, when he attempted

No. 15-60106

to reenter the United States after a trip abroad, the Department of Homeland Security instituted removal proceedings, alleging that his prior offense was an aggravated felony under 8 U.S.C. § 1101(a)(43)(N) that rendered him removable under 8 U.S.C. § 1227(a)(2)(A)(iii).

The immigration judge (IJ) found that Limonteco was removable under § 1227(a)(2)(A)(iii) based on his prior conviction, and Limonteco sought a waiver under former § 212(c). At the time that Limonteco pleaded guilty in December 1996, § 212(c) allowed the Attorney General to grant a waiver of deportation to certain lawful permanent residents who, for example, had engaged in alien smuggling. *See* § 1182(a)(6)(E)(1), (c) (eff. Apr. 24, 1996; repealed 1997). Limonteco argued that the waiver remained available to him and should be applied in his case under *INS v. St. Cyr*, 533 U.S. 289 (2001), which held "that § 212(c) relief remains available for aliens . . . whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." *St. Cyr*, 533 U.S. at 326.

By the time Limonteco pleaded guilty in December 1996, however, Congress had enacted statutory amendments that would affect Limonteco's eligibility for § 212(c) relief. First, in April 1996, Congress enacted § 440(d) of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, 1277, which amended § 212(c) to bar relief for aggravated felons. § 1182(c) (eff. Apr. 24, 1996; repealed 1997); *see* 8 U.S.C. § 1251(a)(2)(A)(iii) (eff. Apr. 24, 1996) (recodified as amended at § 1227(a)(2)(A)(iii)); *Carranza-De Salinas v. Gonzales* (*Carranza-De Salinas I*), 477 F.3d 200, 204 (5th Cir. 2007).

Second, in September 1996, Congress enacted the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-

2

208, Div. C, 110 Stat. 3009-546, which generally took effect in April 1997, *see* IIRIRA § 309(a), 110 Stat. at 3009-625.  Although IIRIRA § 304(b), 110 Stat. at 3009-597, generally repealed § 212(c), the IJ ruled that this did not bar Limonteco's application because § 304(b) did not take effect until April 1997—after Limonteco's guilty plea.[1]  Nevertheless, the IJ ruled that a different part of IIRIRA—§ 321(a)—changed the definition of "aggravated felony" and rendered Limonteco ineligible for § 212(c) relief.  IIRIRA, § 321(a), 110 Stat. at 3009-627 to -628.  Before IIRIRA, the INA's definition of "aggravated felony" did not include an offense like Limonteco's under § 1324(a)(1)(A) unless the sentence imposed for the offense included a prison term of "at least 5 years," 8 U.S.C. § 1101(a)(43)(N) (eff. Apr. 24, 1996), but IIRIRA § 321(a) deleted the five-year prison term requirement so that all § 1324(a)(1)(A) offenses became aggravated felonies, 110 Stat. at 3009-627 to -628 (codified at § 1101(a)(43)(N)).  Limonteco argued that his prior conviction was not an "aggravated felony" under the pre-IIRIRA definition because he received only a probationary sentence, but the IJ ruled that Congress had clearly expressed its intent that IIRIRA § 321(a)'s amended definition of "aggravated felony" apply retroactively.[2]  Accordingly, the IJ ruled that Limonteco was ineligible for relief under former § 212(c) and ordered him removed to Mexico.

Limonteco timely appealed to the BIA, which likewise ruled that he was ineligible for § 212(c) relief as it existed after the enactment of the AEDPA because of Congress's clearly expressed intent that IIRIRA's new aggravated felony definition apply retroactively.  Limonteco timely petitioned this court for review.

---

[1] *See infra* note 3.

[2] *See infra* note 3.

No. 15-60106

## DISCUSSION

Limonteco argues that the BIA erroneously applied IIRIRA retroactively in his case to preclude him from seeking relief under § 212(c). The BIA's determination that Limonteco is ineligible for relief under former § 212(c) is a conclusion of law, which we review de novo. *Garrido-Morato v. Gonzales*, 485 F.3d 319, 322 (5th Cir. 2007). We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D), which allows us to review questions of law even where § 1252(a)(2)(C) otherwise bars review of removal orders against aliens who have been convicted of an aggravated felony. *Hernandez-Castillo v. Moore*, 436 F.3d 516, 519 (5th Cir. 2006).

"Despite the dangers inherent in retroactive legislation, it is beyond dispute that, within constitutional limits, Congress has the power to enact laws with retrospective effect." *St. Cyr*, 533 U.S. at 316. Therefore, although there is a "deeply rooted presumption against retroactive legislation," *Vartelas v. Holder*, 132 S. Ct. 1479, 1484 (2012), a statute generally "must be given retroactive effect if Congress has communicated, with clarity, its intent that the law be applied retroactively," *Hernandez-Castillo*, 436 F.3d at 519.

In *St. Cyr*, the Supreme Court found Congress's intent unclear with respect to the retroactivity of IIRIRA § 304(b), *St. Cyr*, 533 U.S. at 326, but the Court has repeatedly stated that Congress clearly intended IIRIRA § 321(a)'s amendment of the "aggravated felony" definition to be retroactive, *Vartelas*, 132 S. Ct. at 1487; *St. Cyr*, 533 U.S. at 319. Accordingly, we have held that IIRIRA § 321(a)'s new "aggravated felony" definition applies retroactively. *Garrido-Morato*, 485 F.3d at 324 (citing IIRIRA § 321(b)-(c), 110 Stat. at 3009-628). Thus, the BIA properly treated Limonteco's prior § 1324(a)(1)(A) offense

4

as an "aggravated felony" under the post-IIRIRA statute regardless of when he pleaded guilty.[3]

Limonteco attempts to isolate the definition of his prior offense as an aggravated felony from the legal consequences of that definition, namely, ineligibility for § 212(c) relief. We rejected such an approach in *Garrido-Morato*, 485 F.3d at 320-24. There, the alien pleaded guilty in June 1996 to an offense that was not an aggravated felony before IIRIRA but would be under IIRIRA's new definition. *Garrido-Morato*, 485 F.3d at 320-22. The alien sought discretionary relief under former § 244(a)(2) of the INA, but that provision required the alien to prove herself "a person of good moral character." 8 U.S.C. § 1252(a)(2) (repealed 1997); *see Garrido-Morato*, 485 F.3d at 321. At the time the alien pleaded guilty (and still today), the INA forbade treating anyone "who at any time has been convicted of an aggravated felony" as "a person of good moral character." § 1101(f)(8) (2012); *see also* § 1101(f)(8) (eff. Apr. 24, 1996) (same). Thus, when we upheld the BIA's denial of discretionary relief under former § 244(a)(2) in *Garrido-Morato* based on the retroactive application of IIRIRA § 321(a)'s aggravated felony definition, we implicitly rejected any distinction between the retroactive application of the definition

---

[3] We need not address whether Limonteco's guilty plea after IIRIRA's enactment but before the effective date of its repeal of § 212(c) truly implicates the holding in *St. Cyr*, which was based on the premise that aliens who pleaded guilty before Congress repealed § 212(c) "almost certainly relied upon th[e] likelihood [of receiving § 212(c) relief] in deciding whether to forgo their right to a trial." *St. Cyr*, 533 U.S. at 325; *see also Carranza-De Salinas v. Holder* (*Carranza-De Salinas II*), 700 F.3d 768, 773 (5th Cir. 2012). Also, we need not address whether the application of IIRIRA's new "aggravated felony" definition to Limonteco's guilty plea in December 1996, which was after the enactment of § 321(a), truly resulted in a retroactive impact. *Compare* IIRIRA § 309(a) (setting general effective date for IIRIRA in April 1997), *with Garrido-Morato*, 485 F.3d at 323 (treating IIRIRA § 321(b)-(c) as making IIRIRA § 321(a) applicable to actions taken after IIRIRA's enactment in September 1996). Even assuming *arguendo* that the application of IIRIRA § 321(a) here creates a retroactive impact that would otherwise implicate *St. Cyr*'s holding, we deny Limonteco's petition for review because Congress has clearly expressed its intent that IIRIRA § 321(a) apply retroactively. *See Garrido-Morato*, 485 F.3d at 320-24.

itself and the consequences of that change under the law in effect at the time the alien pleaded guilty. *See Garrido-Morato*, 485 F.3d at 320-24.

At the time Limonteco pleaded guilty in December 1996, Congress had already enacted § 440(d) of the AEDPA, which made aggravated felons ineligible for discretionary relief under former § 212(c). § 1182(c) (eff. Apr. 24, 1996; repealed 1997); *see* § 1251(a)(2)(A)(iii) (eff. Apr. 24, 1996) (recodified as amended at § 1227(a)(2)(A)(iii)); *see Carranza-De Salinas I*, 477 F.3d at 204. The treatment of Limonteco's prior offense as an aggravated felony therefore makes him ineligible for § 212(c) relief as it existed when he pleaded guilty. *See Garrido-Morato*, 485 F.3d at 320-24.

That Limonteco pleaded guilty after § 440(d) of the AEDPA had already narrowed § 212(c) relief also distinguishes his case from cases on which he relies, *St. Cyr* and *Carranza-De Salinas v. Holder* (*Carranza-De Salinas II*), 700 F.3d 768 (5th Cir. 2012). The aliens in *St. Cyr* and *Carranza-De Salinas II* were eligible for § 212(c) relief at the time of their convictions despite having been convicted of aggravated felonies because their convictions occurred in March 1996 and 1993, respectively, before Congress enacted the AEDPA in April 1996. *St. Cyr*, 533 U.S. at 293; *Carranza-De Salinas II*, 700 F.3d at 769-70. By contrast, when Limonteco pleaded guilty in December 1996, § 212(c) relief had already become unavailable to aggravated felons through the AEDPA. § 440(d), 110 Stat. at 1277.

Limonteco's reliance on the Supreme Court's holding in *Vartelas* that retroactively applying other parts of IIRIRA is impermissible, *Vartelas*, 132 S. Ct. at 1483-92, is also unavailing. Before IIRIRA, lawful permanent residents (LPRs) could reenter the United States after brief trips abroad even if they were excludable (in today's terms inadmissible) so long as they were not deportable. *Vartelas*, 132 S. Ct. at 1484-85. After IIRIRA, such aliens would

No. 15-60106

be subject to removal when they attempted to reenter. *Id.* Applying those changes retroactively in *Vartelas* meant that the alien faced a "new disability" as an excludable-but-not-deportable LPR, who would have been allowed reentry before IIRIRA but was now subject to removal. *Id.* at 1487.

It is true that Limonteco was also an LPR placed in removal proceedings upon his attempt to reenter the United States after a trip abroad. Also, Limonteco conceded before the IJ that, like the alien in *Vartelas*, 132 S. Ct. at 1485 & n.3, he was excludable under pre-IIRIRA law. *See* § 1182(a)(6)(E) (eff. Apr. 24, 1996). But the similarities end there. The LPR in *Vartelas* was not an aggravated felon but had a single prior conviction for a crime involving moral turpitude, which rendered him excludable but not deportable under pre-IIRIRA law. *Vartelas*, 132 S. Ct. at 1485 & n.3. In contrast, the treatment of Limonteco's prior offense as an aggravated felony—which as explained above is proper even if it is retroactive—means that under the pre-IIRIRA law otherwise in effect at the time Limonteco pleaded guilty in December 1996, he would have been deportable whether he traveled abroad or not. § 1251(a)(2)(A)(iii) (eff. Apr. 24, 1996) (recodified as amended at § 1227(a)(2)(A)(iii)).

## CONCLUSION

The BIA did not err in finding Limonteco ineligible for § 212(c) relief. *See Garrido-Morato*, 485 F.3d at 320-24. We therefore DENY his petition for review.

7